IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPROF, LLC, | |
| Plaintiff, | No. CIV 2:11-cv-1948-GEB-JFM |
| vs. | |
| JOHN CLEVELAND, *et al.*, | ORDER AND |
| Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | |

      On July 25, 2011, defendants John and Wylonn Cleveland filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331 and 1332 seeking to remove an unlawful detainer action filed against them by plaintiff HPROF in San Joaquin County Superior Court.

      When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

1

A. <u>No Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331</u>

The propriety of removal requires the consideration of whether the district court has original jurisdiction of the action; i.e., whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. <u>See</u> <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the original jurisdiction of the district court, removal is improper. The absence of subject matter jurisdiction is not waivable by the parties. <u>See</u> <u>Am. Fire & Cas. Co. v. Finn</u>, 341 U.S. 6 (1951).

With the Notice of Removal, defendants provide a copy of the complaint filed in San Joaquin County Superior Court. The complaint contains a single claim for unlawful detainer. In defendants' removal notice, they assert that the case involves violations of federal law, including the Fair Debt Collection Practices Act, 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Plaintiff's complaint for unlawful detainer does not state claims under any federal law. Rather, defendants appear to assert these federal statutes are at issue by virtue of defendants' defense to the action.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. <u>See</u> <u>Vaden v. Discover Bank</u>, 556 U.S. 49 (2009); <u>Hunter</u>, 582 F.3d at 1042-43; <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 327 (5th Cir. 1998); <u>Preciado v. Ocwen Loan Servicing</u>, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); <u>Fed. Nat'l Mortg. Ass'n. v. Bridgeman</u>, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010). The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. Thus, this action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

/////

/////

B.     <u>No Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332</u>

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332(a).  In their Notice of Removal, defendants expressly state that both they and plaintiff are residents of California.  <u>See</u> Notice of Removal at 5.  Additionally, the complaint does not allege damages in excess of $75,000.  Rather, the caption of the complaint expressly states that the amount demanded does not exceed $10,000.  When a plaintiff alleges damages in an amount less than the jurisdictional minimum, "a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum."  <u>Lowdermilk v. U.S. Bank Nat'l Assoc.</u>, 479 F.3d 994, 999 (9th Cir. 2007).  Defendants' argument that the amount in controversy exceeds $75,000 is not supported by any evidence and falls short of this standard.  Thus, the court finds that both requirements for diversity jurisdiction are lacking here and jurisdiction under 28 U.S.C. § 1332 does not exist.  The undersigned will, therefore, recommend that this action be remanded to San Joaquin County Superior Court.

Based on the foregoing, IT IS HEREBY ORDERED that the initial scheduling conference set for January 5, 2012 is vacated; and

IT IS HEREBY RECOMMENDED that this action be remanded to the San Joaquin County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

3

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.1991).

DATED: November 7, 2011.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

/014;hprof1948.remand